UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DARCY MONTEL SCOTT,

        Plaintiff,                    Case No. 1:24-cv-492

v.                                         Honorable Jane M. Beckering

RANDEE REWERTS et al.,

        Defendants.
_____/

**OPINION**

    This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

**I.**    **Factual Allegations**

    Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. Plaintiff sues

Warden Randee Rewerts and Correctional Officer Unknown Ward, both of whom work at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. (Compl., ECF No. 1, PageID.2–3.)

In Plaintiff's complaint, he states that his "father, Kenneth A. Gibson #620578," was killed in 2021 while incarcerated at DRF.[1] (*Id.*, PageID.4, 5.) Plaintiff alleges that prior to his father's death, Defendant Ward confiscated his father's former cellmate's television, but "failed to notify or give [the former cellmate] a contraband removal or inform him that his television was being confiscated." (*Id.*, PageID.5.) Plaintiff alleges that as a result of this, the former cellmate "believe[d] that [Plaintiff's] father[,] . . . his then cellmate at the time, had stolen his television and that led to [the former cellmate] . . . breach[ing] their security from a level 4 housing unit to a level 2 housing unit and viciously attack[ing] and kill[ing] [Plaintiff's] father." (*Id.*) Plaintiff states that Defendant Rewerts, the warden at DRF, is "the overseer" of the facility, and Rewerts "failed to maintain order and peace at his facility." (*Id.*)

Plaintiff states that in addition to "the death of [his] father," he "personally ha[s] experienced emotional distress, emotional trauma, pain and suffering, and psychological trauma and stress." (*Id.*, PageID.8.) Plaintiff contends that staff at DRF "violated multiple of his [father's] rights as well as their own policies for the personal abuse, wrongful death, breach of security, and dereliction of duty," as well as state law. (*Id.*, PageID.4.) As relief, Plaintiff seeks compensatory and punitive damages. (*See id.*, PageID.8.)

## II.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

---

[1] In this opinion, the Court corrects the capitalization in quotations from Plaintiff's complaint.

2

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Plaintiff lacks standing, authority, or a cognizable claim

"In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (citations omitted); *see Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 615 (6th Cir. 2010); *Barber v. Overton*, 496 F.3d 449, 457–58 (6th Cir. 2007); *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984) ("Section 1983 creates a cause of action for deprivation of civil rights," and "[b]y its own terminology, the statute grants the cause of action 'to the injured party.'" (footnote omitted)). "Accordingly, only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim; conversely, no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members." *Claybrook*, 199 F.3d at 357 (citation omitted).

Furthermore, federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides that "[i]n all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Id.* (emphasis added). The statute clearly makes no provision for a *pro se* party to represent others. The federal courts have long held that § 1654 preserves a party's right to proceed *pro se*, but only with respect to his or her own claims. Only a licensed attorney may represent other persons. *See Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969). Relying on this statute, the Sixth Circuit has held that a *pro se* party may not prosecute a representative wrongful death action brought under § 1983, where the beneficiaries thereof included persons other than himself. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003). The Sixth Circuit relied on an earlier Second Circuit case, which had held that an administratrix or

4

executrix of an estate could not proceed *pro se* in a wrongful death action when the estate had beneficiaries and creditors other than the litigant. *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997).

Here, Plaintiff brings this action pursuant to § 1983 for the "wrongful death of [his] father" and for the mental and emotional trauma that he suffered personally due to his father's death. (Compl., ECF No. 1, PageID.4, 8.) The complaint contains no allegations or facts to suggest that Plaintiff is the legal representative of his father's estate, and Plaintiff may not proceed under § 1983 for the emotional distress he suffered personally as a result of his father's death. *See Garrett*, 374 F. App'x at 615 (citing *Claybrook*, 199 F.3d at 357). Further, it does not appear that Plaintiff is a licensed attorney, and as a layman, Plaintiff may only represent himself with respect to his individual claims and may not act on behalf of his father. Accordingly, for these reasons alone, Plaintiff's claims are properly dismissed.

Moreover, even assuming that Plaintiff could proceed with this suit, for the reasons set forth below, the Court concludes that Plaintiff fails to state a plausible claim for relief against the named Defendants.

### B. Defendant Rewerts

Plaintiff seeks to hold Defendant Rewerts liable due to his supervisory position; however, government officials, such as Defendant Rewerts, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310

F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege any facts showing that Defendant Rewerts encouraged or condoned the conduct of his subordinates, or authorized, approved, or knowingly acquiesced in their conduct. Because Plaintiff has failed to allege that Defendant Rewerts engaged in any active unconstitutional behavior, Plaintiff fails to state a claim against him. Accordingly, Plaintiff's claims against Defendant Rewerts will be dismissed.

### C. Defendant Ward

The Court construes Plaintiff's complaint to raise an Eighth Amendment failure-to-protect claim against Defendant Ward. (*See* Compl., ECF No. 1, PageID.5.)

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468

U.S. 517, 526–27 (1984). In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833. A prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim; however, he must at least show that he reasonably fears such an attack. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242–43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety").

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011).

In this action, Plaintiff alleges that Defendant Ward confiscated his father's former cellmate's television, but "failed to notify or give [the former cellmate] a contraband removal or inform him that his television was being confiscated." (Compl., ECF No. 1, PageID.5.) Plaintiff alleges that as a result of this, the former cellmate "believe[d] that [Plaintiff's] father . . . had stolen his television and that led to [the former cellmate] . . . breach[ing] their security from a level 4

7

housing unit to a level 2 housing unit and viciously attack[ing] and kill[ing] [Plaintiff's] father." (*Id.*)

The Court does not minimize Plaintiff's experience related to his father's death, however, the facts alleged in the complaint are insufficient to state an Eighth Amendment failure-to-protect claim against Defendant Ward. Specifically, the factual allegations do not show that Defendant Ward knew that the former cellmate posed any risk of harm prior to the attack, let alone a substantial risk of harm. Showing that defendants have knowledge of a substantial risk of harm is crucial when stating a failure-to-protect claim. Plaintiff's allegations suggest that Plaintiff's father and the former cellmate were no longer housed in the same housing unit, and there are no facts in the complaint to suggest that any officials at DRF, let alone Defendant Ward, knew of any risk of harm that Plaintiff's father faced at the time of the former cellmate's attack. Under these circumstances, Plaintiff fails to show that Defendant Ward knew of a substantial risk of harm, let alone that he knew of a substantial risk of harm and disregarded that risk.

Accordingly, Plaintiff's Eighth Amendment failure-to-protect claim against Defendant Ward will be dismissed.

### D. State Law Claims

Plaintiff also alleges that Defendants violated state law. (*See, e.g.*, Compl., ECF No. 1, PageID.4.) Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertions that Defendants violated state law fail to state a claim under § 1983.

Further, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of

8

multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Therefore, Plaintiff's state law claims will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's state law claims will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over such claims.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is

barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:    June 14, 2024              /s/ Jane M. Beckering
                                     Jane M. Beckering
                                     United States District Judge